## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**LUZ M. GONZALES-BERNAL as Personal
Representative for the Estate of VICTOR BERNAL,
Deceased,**

     **Plaintiff,**

**v.**                                  **No.**

**UNITED STATES OF AMERICA,**

     **Defendant.**

## COMPLAINT FOR PERSONAL INJURIES AND WRONGFUL DEATH (FTCA)

**COMES NOW**, Plaintiff, Luz M. Gonzales-Bernal, by and through her counsel of record, VALLE, O'CLEIREACHAIN, ZAMORA & HARRIS (Matthew Zamora, Esq.), and for her Complaint against the United States of America, hereby states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Luz M. Gonzales-Bernal, is an individual who resides in Santa Fe, Santa Fe County, New Mexico.

2. Plaintiff Luz. M. Gonzales-Bernal was Appointed Personal Representative for Purposes of Litigation Under the Wrongful Death Act. *In the matter of the Estate of Victor Bernal, Deceased*; No. D-101-CV-2025-02350.

3. Plaintiff Luz. M. Gonzales-Bernal was also Appointed Personal Representative for the Estate of Victor Bernal in Probate Court. *In the Matter of the Estate of Victor Bernal, Deceased*; No. 2025-0171.

4. Defendant is the United States of America.

1

5.      Jurisdiction is conferred on this Court by virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. and 28 U.S.C. § 1331.

6.      On or about February 12, 2025, Plaintiff timely filed a Tort Claim Notice Form 95 notifying the United States, by and through the United States Department of the Interior, of this claim based on the acts, errors, and omissions on March 7, 2023.

7.      Victor Bernal died on March 29, 2025.

8.      The United States denied the claim on August 6, 2025.  Plaintiff requested reconsideration on September 19, 2025 and timely filed a Tort Claim Notice Form 95, notifying the United States, by and through the United States Department of the Interior, of the wrongful death claim.

9.      The United States denied the request for reconsideration and the Form 95 claims on April 7, 2026.

10.     Plaintiff files this Complaint.  The Complaint is timely.

11.     All events giving rise to this Complaint occurred in the City of Pojoaque, County of Santa Fe, State of New Mexico.

12.     This Court has jurisdiction over the parties and subject matter herein and venue is proper under 28 U.S.C. § 1402(b).

**GENERAL ALLEGATIONS**

13.     March 7, 2023, Victor Bernal was a passenger in a vehicle being driven by Luz M. Gonzales-Bernal, which was traveling north on US 84/285.

14.     Officer Jace Trujillo, a Pueblo of Pojoaque Police Officer, was traveling behind the vehicle in which Victor Bernal was riding.

15.    As, Luz M. Gonzales-Bernal was slowing at an intersection, Officer Jace Trujillo struck her and Victor Bernal from behind.

16.    Officer Jace Truillo stated that he was travelling north in the far outside lane and was passing a vehicle on his left.

17.    Officer Jace Truillo said that he glanced over to the vehicle he was passing and all of a sudden the vehicle in front of him was directly in front of him.

18.    Officer Jace Trujillo was distracted and failed to keep a proper lookout.

19.    Officer Jace Trujillo was unable to slow down and struck the vehicle in which Victor Bernal was riding.

20.    The vehicle in which Victor Bernal was riding suffered heavy rear end damage. The bumper and the trunk were smashed inward, both taillights were busted, and both rear bumper panels were hanging off the side of the vehicle.

21.    The Pojoaque Police Unit had front end damage. The push bar was smashed into the lower part of the bumper. Both front-end panels were pushed in by the front bumper.

22.    On information and belief, Officer Jace Trujillo was a tribal employee, operating the Pojoaque Police Unit vehicle within the scope of his employment under a qualifying federal contract.

23.    Pueblo of Pojoaque police officers act under Pueblo and Federal law.

24.    The Pueblo of Pojoaque contracts with the United States under a P.L. 93-638 contract creating a cause of action under 25 U.S.C. § 5321.

25.    The remedy for the subject automobile collision is against the United States Government pursuant to the Federal Tort Claims Act.

3

26.    Luz. M. Gonzales-Bernal was abiding by the rules of the road and driving in a safe manner at the time of the collision.

27.    Victor Bernal did not cause or in any way contribute to the motor vehicle crash that is the subject of this Complaint.

28.    As a result of the collision, Victor Bernal was severely injured.

29.    Victor Bernal sought medical treatment for his injuries.

30.    Officer Jace Trujillo's actions caused the subject crash, resulting in personal injuries to Victor Bernal.

31.    Following the collision and because of his injuries, Victor Bernal's health declined.

32.    Following the collision and because of his injuries, Victor Bernal lost function, range of motion, self-care, and movement.

33.    The injuries Victor Bernal suffered as a result of the March 7, 2023 collision were a cause of his death.

34.    Victor Bernal's personal injury claims survive his death pursuant to NMSA 1978, § 37-2-1.

35.    Victor Bernal's wrongful death claims are brought pursuant to NMSA 1978, § 41-2-1.

36.    Victor Bernal suffered and claims damages in the form of past medical and medical-related expenses, loss of functional capacity, loss of enjoyment of life, pain and suffering, nature, extent and duration of injuries, wrongful death, attorney's fees, pre-judgment interest, and post judgment interest, as allowed by law, and all other related damages to be proven at trial.

37.    The United States is liable to Plaintiff for the damages caused by Officer Jace Trujillo who was driving a vehicle in the scope of his employment. 28 U.S.C. § 1346(b).

4

**COUNT I – NEGLIGENCE**

38. Plaintiff incorporates all prior allegations as if fully set forth herein.

39. Officer Jace Trujillo had a duty to other motorists and their passengers, including the Plaintiff, to exercise ordinary care to prevent the motor vehicle crash that is the subject of this Complaint.

40. Officer Jace Trujillo owed a duty of ordinary care to a person such as Plaintiff to drive in a safe manner.

41. Officer Jace Trujillo breached his duty of care owed to Victor Bernal by operating his vehicle in a negligent manner.  Officer Jace Trujillo's negligence included, but is not limited to:

     a. Failing to operate his vehicle in a safe manner;

     b. Failing to keep a proper lookout and to avoid striking Plaintiff's vehicle;

     c. Failing to apply his brakes in a timely fashion;

     d. Failing to drive at a reasonable speed under the circumstances; and

     e. Failing to follow traffic laws.

42. Officer Jace Trujillo's acts and omissions were the direct cause of harm to Victor Bernal, including the bodily injuries, wrongful death, and damages as enumerated above, in an amount to be determined at trial.

43. Officer Jace Trujillo breached his duty of care, and caused injury and damages through negligent acts and behavior for which the United States is liable.

44. Defendant United States is responsible for the actions and inactions of employees of the United States.

## COUNT II – NEGLIGENCE PER SE

45.    Plaintiff incorporates all prior allegations as if fully set forth herein.

46.    At all times material to the complaint, Officer Jace Trujillo was subject to the laws of the State of New Mexico requiring the obedience of applicable traffic laws.

47.    Officer Jace Trujillo's conduct was a violation of NMSA 1978, § 66-8-114, which provides, in pertinent part:

> (A) Any person operating a vehicle on the highway shall give his full time and entire attention to the operation of the vehicle.
>
> (B) Any person who operates a vehicle in a careless, inattentive or imprudent manner, without due regard for . . . all other attendant circumstances is guilty of a misdemeanor.

48.    NMSA § 66-8-114 was enacted for the benefit and protection of a class of the public of which Victor Bernal was a member, that is, drivers and/or passengers of motor vehicles, and therefore, Officer Jace Trujillo's violation of these statutes constitutes negligence *per se*.

49.    As a direct result of Officer Jace Trujillo's negligence *per se*, Plaintiff has suffered damages as enumerated above.

50.    Officer Jace Trujillo's conduct in striking Plaintiff's vehicle was also a violation of NMSA 1978, §66-7-318(A), which provides, in pertinent part:

> ". . . The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. . ."

51.    NMSA 1978, §66-7-318(A) was enacted for the benefit and protection of a class of the public of which Plaintiff was a member, that is, motorists traveling upon a public roadway, and therefore, Officer Jace Trujillo's violation of this statute constitutes negligence per se.

52.    As a direct result of Officer Jace Trujillo's negligence per se, Plaintiff has suffered damages.

6

53.     The injuries that Plaintiff suffered are of the type that the legislature sought to prevent when it enacted the statutes referred to herein.

54.     Officer Jace Trujillo breached his duty not to commit violations of law, endangered Plaintiff, and caused injury, wrongful death, and damages through negligent acts and behavior for which the United States is liable.

55.     Defendant United States is responsible for the actions and inactions of employees of the United States.

### JURY DEMAND

56.     Plaintiff demands a trial by a twelve (12) member jury.

**WHEREFORE,** Plaintiff prays for judgment against Defendant for all compensatory damages, including past medical and medical-related expenses, loss of functional capacity, loss of enjoyment of life, pain and suffering, nature, extent and duration of injuries, wrongful death damages, and costs, fees and interest as allowed by law, all other related damages to be proven at trial, and for such other relief as is just.

Respectfully submitted,

**VALLE, O'CLEIREACHAIN, ZAMORA & HARRIS**

*/s/ Matthew Zamora*
Matthew Zamora, Esq.
1805 Rio Grande Blvd. NW, Suite 2
Albuquerque, NM  87104
PH:    505-888-4357
FAX:  505-883-5613
Email: mz@vozhlaw.com
*Counsel for Plaintiff*

7